

# ROSE M. WEBER
ATTORNEY AT LAW
225 BROADWAY • SUITE 1608
NEW YORK, NEW YORK 10007

FAX: (212) 791-4149

TELEPHONE: (212) 748-3355

MEMO ENDORSED

March 18, 2005

**BY FAX**
Honorable Sidney H. Stein
United States District Judge
500 Pearl Street
New York, NY 10007

Re:   *Joseph Davis v. City of New York, et al.*, 04 Civ. 7276 (SHS)

Your Honor:

I write in response to defendants' letter of earlier today. As an initial matter, plaintiff has no objection to deferring Detective Lamendola's deposition and defendants' responses to plaintiff's discovery demands. Indeed, the stay that plaintiff has requested would accomplish both of these goals.

Defendants, however, also ask the Court to dismiss this action pursuant to Fed. R. Civ. P. 37 and 41. Dismissal of an action under either of those rules is an extreme sanction, to be utilized only when the opposing party has behaved in an egregious matter. *See, e.g., Connell v. City of New York*, 230 F. Supp. 2d 432, 435 (S.D.N.Y. 2002) ("[D]ismissal under Rule 37 is . . . a harsh sanction that is to be used only in extreme situations."); *Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004) (involuntary dismissal [under Rule 41] is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.")

The only case cited by defendants provides an example of the type of conduct that may warrant dismissal. In *Sterling Promotional Corp. v. General Accident Insurance Co.*, 212 F.R.D. 464 (S.D.N.Y. 2003), the court noted that "plaintiff Sterling has for two years repeatedly and deliberately evaded any effective discovery sought by defendant Travelers" and had engaged in "a very devious, continuous effort to avoid coming to these depositions." *Id.* at 465.

-2-

   In the instant matter, plaintiff (who is indigent, homeless, and living 600 miles from New York) failed to appear for a single deposition. Such conduct simply does not rise to the extreme level of misbehavior required under Rules 37 and 41. Accordingly, plaintiff respectfully requests that the Court deny defendants' request that this action be dismissed.

   Thank you for your consideration of this request.

                     Respectfully,

                      *Rose M. Weber* (signature)

                      Rose M. Weber (RW 0515)

cc: Jordan Smith, Esq. (by fax)